UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronnie McCray, # 244124, ) | C/A No. 6:09-0012-CMC-WMC | |
| Plaintiff, ) | | |
| v. ) | **REPORT AND RECOMMENDATION** | |
| Dr. Hawkins (Dentist); Dr. Willis (Dentist Assistant), ) | | |
| Defendants. ) | | |

Ronnie McCray (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[*] Plaintiff is an inmate at the Perry Correctional Institution (PCI), a facility of the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this complaint, Plaintiff alleges inadequate dental treatment and medical malpractice. Plaintiff seeks damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

The Eighth Amendment's prohibition on "cruel and unusual punishment" extends beyond those punishments meted out by statute or imposed by a sentencing judge, *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991), to encompass "the treatment a prisoner receives in prison and the conditions under which he is confined, "*Helling v. McKinney*, 509 U.S. 25, 31 (1993). The showing required to demonstrate an Eighth Amendment deprivation "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In *Estelle v. Gamble*, 429 U.S. at 97, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citation omitted). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

The Supreme Court has distinguished deliberate indifference to serious medical needs of prisoners from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Cruel and Unusual Punishments Clause. *Estelle v. Gamble*, 429 U.S. at 105-06. Negligent or incorrect medical treatment is not actionable under § 1983. *Id.* at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Specifically, medical malpractice is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In this case, Plaintiff alleges that he had to wait three weeks after he was transferred to PCI to see the defendants. (Compl. 4.) He does not state facts in support of deliberate indifference to his serious medical needs, rather his allegations raise a possible negligence or malpractice claim. Plaintiff states that "less invasive procedures such as filling his tooth instead of extracting it would have remedied his dental problem." (Compl. 4.) Apparently, Plaintiff did not receive the treatment of his choice, i.e. a filling. Instead, it appears that the defendants extracted his tooth as treatment.

Additionally, Plaintiff alleges that the "concert actions of the defendants" constitute a conspiracy between the defendants "to deprive him of his rights, privileges and immunities as are secured and guaranteed via the constitution and laws of the United

4

States." (Compl. 4.) However, because Plaintiff's allegations concerning the actions of the defendants raise state law causes of action at most, there is no allegation of a constitutional violation. Therefore, his allegation of a conspiracy in furtherance of the non-existent constitutional violation fails. Because Plaintiff only alleges facts in support of negligence or medical malpractice, a possible state law cause of action, Plaintiff has failed to state a claim cognizable in this Court, and this complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/William M. Catoe
United States Magistrate Judge

January 22, 2009
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).